IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ANTWAN ROBERTS, #0559187 §

§                                      CIVIL ACTION NO. 2:20cv247

VS. §

UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Antwan Roberts, an inmate confined within the Tarrant Jail proceeding *pro se*, filed

this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the

undersigned United States Magistrate Judge for findings of fact, conclusions of law, and

recommendations for the disposition of the case.

## I. Roberts's Amended Complaint

In his complaint, (Dkt. #1), Roberts states that he seeks unspecified discovery in an

unknown case under Texas law. He further notes that he seeks discovery before a trial. He

makes no other arguments.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a

prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity.

During its review, the court must identify cognizable claims or dismiss the complaint or any portion

thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

granted.  *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact.  *Samford v. Dretke*, 562

F.3d 674, 678 (5th Cir. 2009).  The Fifth Circuit has held that a complaint lacks an arguable basis in

fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a

complaint relies is indisputably meritless."  *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th

1

Cir. 1999) (internal quotation marks omitted)).  In other words, during the initial screening under

section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon

delusional scenarios or baseless facts—and dismiss the complaint.  *See Henry v. Kerr Cnty., Tex.*,

2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous

only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the

level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable

facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does

not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus

does not raise a right to relief above the speculative level.  *See Montoya v, FedEx Ground Packaging*

*Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  A claim has factual plausibility when the pleaded factual content allows the court to draw

reasonable inferences that the defendant is liable for the misconduct alleged.  *See Hershey v. Energy*

*Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard

requires *more than the mere possibility* that the defendant has acted unlawfully.  *Twombly*, 550 U.S.

at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true

conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Whatley v. Coffin*,

496 F. App'x 414, (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696

(5th Cir. 2005)).  Crucially, while the federal pleading rules do not require "detailed factual

allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 556 U.S. at 678.  A pleading offering "labels and conclusions" or a "formulaic

recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

## III. Discussion and Analysis

Plaintiff fails to articulate a claim upon which relief may be granted. He cites Texas laws and rules and fails not allege sufficient facts which, taken as true, state a claim which is plausible on its face. The Court cannot discern a cognizable claim within Plaintiff's complaint. His complaint should be dismissed.

Moreover, Plaintiff has not communicated with the Court in a significant amount of time. A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court.  Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").  The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time."  *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Plaintiff Roberts failed to prosecute his own case—evinced by the significant lapse of time since he last communicated with the Court. Fed. R. Civ. P. 41(b); *see, e.g.*, *Callier v. Cain*, 2012 WL 2602958, at *1 n.1 (W.D. La. June 6, 2012) ("Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago."). The significant lapse of time renders ordering Plaintiff an opportunity to amend his lawsuit futile.

Plaintiff's failure to prosecute his case is not an action that threatens the judicial process— thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal

of this case without prejudice.  In accordance with *Campbell v. Wilkinson*, the Court recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his own case.  The Court further recommends that the statute of limitations in this case be suspended for a total of 60 days upon issuance of final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 30th day of May, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE